USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEE in the CHAPTER 7 BANKRUPTCY CASE of JOHN P. MELCHIOR, DEBTOR, Case No. 5-15-bk-04083 - (JJT) (M.D. PA.),

    Plaintiff,

-against-

NEW YORK LIFE INSURANCE COMPANY and NY LIFE SECURITIES, LLC,

    Defendants.

No. 17-CV-06951 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Trustee Mark J. Conway in the above-titled Chapter 7 Bankruptcy case of Debtor John Melchior brings this action against Defendants New York Life Insurance Company and N.Y. Life Securities, LLC for their alleged discrimination against and unlawful termination of Debtor Melchior in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and New York State Human Rights Law § 296(1)(a) and § 297 ("NYSHRL"). ("Amended Complaint," ECF No. 3.)

    Presently before the Court is Defendants' motion to compel arbitration under the Federal Arbitration Act ("FAA") and to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' motion to compel arbitration and dismiss Plaintiff's Amended Complaint is GRANTED.

## BACKGROUND

    Mr. Melchior worked for Defendant N.Y. Life in April 2009 until his termination in January 2014. (Amended Compl. ¶ 20.) In or about August 2009, he was promoted to Partner Manager (*Id.* ¶ 26.) Around this time and in connection with his position as Partner Manager,

Mr. Melchior signed an agreement ("Employment Agreement") containing an arbitration clause which required any dispute, including employment age discrimination claims, between him and Defendant N.Y. Life to be resolved through arbitration before the Financial Industry Regulatory Authority ("FINRA").  (*Id.* ¶ 4); (Sturgeon Decl. ¶ 4, Ex. A, ECF No. 23.)  If FINRA refused to arbitrate the dispute, the arbitration clause provided that any claims would be brought before the American Arbitration Association ("AAA"). (Sturgeon Decl. ¶ 4, Ex. A.)

On October 14, 2014, Mr. Melchior filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights. (Amended Compl. ¶ 17); (Sturgeon Decl. ¶¶ 5 – 6, Exs. B – C.)  He next filed a demand for FINRA arbitration on June 22, 2015, bringing claims of age discrimination against Defendant N.Y. Life.  (Sturgeon Decl. ¶ 7, Ex. D.)  On September 23, 2015, Mr. Melchior filed a petition for Chapter 7 Bankruptcy in United States Bankruptcy Court for the Middle District of Pennsylvania ("Bankruptcy Court").  (Amended Compl. ¶ 8.)  The next day, on September 24, 2015, the EEOC issued Mr. Melchior a Notice of Dismissal and Right to Sue letter. (Sturgeon Decl. ¶ 6, Ex. C.)  Plaintiff Trustee employed Kelly Pressler as Special Litigation Counsel to assist in Mr. Melchior's pending FINRA action.  (Defs.' Mem. of Law in Supp. of Their Mot. to Compel Arbitration and Dismiss Pl.'s Amended Compl. ("Defs.' Mot.") p. 3, ECF No. 24.)

Parties participated in mediation on or about February 22, 2016 through FINRA's mediation program.  (Amended Compl. ¶ 9.)  From the mediation, parties entered into discussions about settlement and, on March 15, 2016, FINRA informed Parties that it removed the matter from its arbitration docket after having received notice that all claims were withdrawn or settled.  (Sturgeon Decl. ¶ 10, Ex. G.)  On June 22, 2016, Plaintiff filed an application for approval of the settlement in Bankruptcy Court which sought approval for a settlement amount

of $75,000 and, because Mr. Melchior was refusing to sign the settlement agreement, an order requiring Mr. Melchior to execute the agreement. (Sturgeon Decl. ¶ 7, Ex. D.) The application for approval indicated that Plaintiff and his counsel, Ms. Pressler, agreed that the proposed cash settlement payment was reasonable after considering the risks of litigating the issues. (*Id.*) Defendant N.Y. Life agreed to pay mediation fees and paid those fees on April 8, 2016. (*Id.* ¶¶ 13 – 14, Exs. J – K.)

After these events but before the Bankruptcy Court ruled on the application for approval, on or around March 10, 2017, Plaintiff filed a motion with the Bankruptcy Court to withdraw his motion for approval of the settlement and soon after retained new Special Litigation Counsel, Michael Ranis. (Amended Compl. ¶ 13.) Starting in March 2017, Mr. Ranis attempted to reopen the FINRA proceedings, but he was informed that the case was closed and could not be re-opened and that he must submit a new filing fee of $200 in order to initiate a proceeding. (*Id.* ¶ 14, Ex. 1.)

## LEGAL STANDARDS

The FAA provides that "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of [the] contract . . . shall be valid, irrevocable, and enforceable." *Nicosia v. Amazon, Inc.*, 834 F.3d 220, 228 (2d Cir. 2016) (internal quotation marks omitted) (quoting 9 U.S.C. § 2). The FAA, as the Supreme Court has instructed, thus "embod[ies] [a] national policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (second alteration in original) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). "[T]his policy is founded on a desire to preserve the parties' ability to agree to arbitrate, rather than litigate disputes." *Nicosia*, 834 F.3d at 229 (quoting *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012)). The FAA, however,

3

"does not require parties to arbitrate when they have not agreed to do so." *Id.* (internal quotation marks omitted).

Accordingly, the "question of arbitrability"—that is, whether the parties have agreed to arbitrate any particular claim—is "an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Id.* (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). "Whether a particular dispute is subject to arbitration turns on (1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *MidOil USA, LLC v. Astra Project Fin. Pty Ltd.*, No. 12-CV-8484(PAC)(KNF), 2013 WL 4400825, at *2 (S.D.N.Y. Aug. 15, 2013) (internal quotation marks omitted), *aff'd*, 594 F. App'x 48 (2d Cir. 2015).

Such issues are typically raised, as here, in a motion to compel arbitration. *Nicosia*, 834 F.3d at 229. "In deciding motions to compel, courts apply a standard similar to that applicable for a motion for summary judgment," which requires a court to "consider all relevant, admissible evidence submitted by the parties and contained in the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." *Id.* (internal quotations marks omitted) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). In reviewing such evidence, the Court "must draw all reasonable inferences in favor of the non-moving party." *Id.* "[W]here the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, we may rule on the basis of that legal issue and avoid the need for further court proceedings." *Id.* (internal quotation marks omitted) (quoting *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir. 2011)).

Agreements which provide for arbitration of federal statutory claims are generally permissible. *Eisen v. Venulum Ltd.*, 244 F. Supp. 3d 324, 344 (W.D.N.Y. 2017) (citing *Hayes v. Delbert Serv. Corp.*, 811 F.3d 666, 674 (4th Cir. 2016)). However, if an arbitration clause prevents the effective vindication of federal statutory rights, it cannot be enforced. *American Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 242 (2013). By agreeing to arbitrate a claim, "a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

## DISCUSSION

### I. Arbitration

The arbitration clause in the Employment Agreement, signed by Mr. Melchior, clearly covers age discrimination claims like those in the matter currently before the Court. The arbitration clause states in relevant part:

> The Partner and New York Life agree that any dispute, claim, or controversy arising between them, including those alleging employment discrimination (including . . . age . . . discrimination) in violation of a statute (hereinafter "the Claim"), as well as any dispute as to whether such Claim is arbitrable, shall be resolved by an arbitration proceeding administered by FINRA in accordance with its arbitration rules.

(Sturgeon Decl. ¶ 4, Ex. A.) Plaintiff does not dispute that Mr. Melchior signed the Employment Agreement, that the Employment Agreement contained an arbitration clause, and that the claims at issue require arbitration under the arbitration clause. "Plaintiff agrees that in the first instance he is required to submit his claim to arbitration." (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Compel Arbitration ("Pl.'s Opp'n") p. 1, ECF No. 25.) Because there is no dispute that there is a valid agreement to arbitrate and that the dispute sought to be arbitrated falls within the scope of the arbitration agreement, the Court's analysis may stop here. This matter is subject to

arbitration.

Plaintiff states that he brought his claims in federal court because he "needs some assurance from some authority in the legal system about the ability to secure the federal rights at issue in the arbitration forum." (*Id.* p. 2.) Mr. Melchior already agreed to pursue any federal or state rights in arbitration by signing the arbitration agreement, and that agreement contains no indication that arbitration before FINRA will deprive Mr. Melchior or Plaintiff of their rights under the law. By requiring Plaintiff to bring this claim before FINRA as mandated by the arbitration agreement, the Court does not deprive Plaintiff of the substantive rights afforded under ADEA or NYSHRL. Rather, the Court requires Plaintiff to bring his claims in the forum agreed upon between Defendant and Mr. Melchior instead of a judicial forum. Plaintiff's rights at issue will be secured in the FINRA proceeding. *Compare Cap Gemini Ernst & Young U.S., L.L.C. v. Nackel*, 98 F. App'x 65, 66 (2d Cir. 2004) (affirming the lower court's decision to compel arbitration of a plaintiff's employment discrimination claims because the court concluded that the parties entered into a contractually valid arbitration agreement); *Murray v. UBS Sec., LLC*, No. 12-CV-5914(KPF), 2014 WL 285093, at *12 – 14 (S.D.N.Y. Jan. 27, 2014) (granting the motion to compel arbitration because, although the arbitration agreement stated that it did not cover claims under the Sarbanes-Oxley Act, the plaintiff brought his claim under a different federal statute), *with Eisen v. Venulum Ltd.*, 244 F. Supp. 3d 324, 345 (W.D.N.Y. 2017) (denying a motion to compel arbitration because the arbitration clauses would have compelled arbitration in the British Virgin Islands applying the law of the British Virgin Islands, thus avoiding the application of United States securities laws) ("The 'arbitration agreement fails for the fundamental reason that it purports to renounce wholesale the application of any federal law to the plaintiffs' federal claims.' " (quoting *Hayes v. Delbert Serv. Corp.*, 811 F.3d 666, 673 (4th

Cir. 2016)).

Even after drawing all reasonable inferences in favor of Plaintiff as the nonmoving party and considering the evidence in the record as well as the lack of evidence that the arbitration agreement is contractually invalid, the Court must grant Defendants' motion to compel arbitration.

## II. Dismissal

Defendants also request that the Court dismiss Plaintiff's Amended Complaint. One of the grounds for dismissal raised by Defendants is that Plaintiff's claims are time barred. On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id.* (*quoting Twombly*, 550 U.S. at 555).

After receiving a notice of dismissal and right to sue from the EEOC, a plaintiff has ninety days to file a claim under the ADEA. *See* 29 U.S.C. § 626(e); *Hansen v. Jones Lang LaSalle Americas, Inc.*, 103 F. Supp. 3d 221, 224 n.2 (D. Conn. 2015). Claims brought under NYSHRL §§ 296 and 297 must be brought within one year after the alleged unlawful discriminatory practice. N.Y. Exec. Law § 297(5); *Jordan v. Verizon Corp.*, No. 17-CV-9197(LGS), 2019 WL 340715, at *7 (S.D.N.Y. Jan. 28, 2019); *Whalen v. CSC TKR, LLC*, No. 11-CV-1834(VB), 2011 WL 6965740, at *4 (S.D.N.Y. Dec. 28, 2011). Here, the instant federal

suit is well outside of both statutes of limitations; it was not filed until over three years after Plaintiff was terminated, over two years after the initiation of the first FINRA arbitration, and just under two years after the EEOC issued Plaintiff notice of his right to sue. Parties do not dispute that Plaintiff's Complaint was filed after the expiration of the statute of limitations. However, Plaintiff argues that equitable tolling should apply.

"[E]quitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003), *as amended* (July 29, 2003) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000)); *Johnson v. Nyack Hosp*, 86 F.3d 8, 12 (2d Cir.1996) (internal quotation marks and alterations omitted). A plaintiff is not entitled to an equitable tolling if he or she, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001).

Here, Plaintiff is not entitled to equitable tolling. At no point was Plaintiff prevented in any extraordinary way from exercising his rights. Plaintiff argues that delay was caused by the EEOC process, arbitration, and then Plaintiff's decision to withdraw his Motion for Approval in the Bankruptcy Court and retain new counsel in March 2017.[1] According to Plaintiff, he had difficulty receiving timely responses from FINRA after his decision to retain new counsel. He only filed the action before the Court after he was "reasonably certain" that "FINRA would not

---

[1] Plaintiff points out that he, or Mr. Melchior, filed a timely EEOC charge and proceeded to arbitration as required under the arbitration agreement. This is true, but Plaintiff's claims still fall outside of both statutes of limitations. Claims brought under the ADEA must be filed within ninety days of receiving a notice of right to sue, but Plaintiff received his notice of right to sue on September 24, 2015 and did not file the instant action until September 13, 2017, well after the ninety-day statute of limitations. Claims brought under §§ 296 and 297 of the NYSHRL must be filed one year after the alleged discriminatory action, but Plaintiff did not initiate arbitration for over one year after his January 2014 termination and did not file this suit until over three years after his termination. Therefore, any argument that Plaintiff is entitled to tolling because he timely pursued an EEOC charge and arbitration is unavailing.

elaborate" or provide "any written response or confirmation as to FINRA's position." (Pl.'s Opp'n p. 22.) However, a letter from Plaintiff's counsel to FINRA referenced in and attached to Plaintiff's Amended Complaint[2] indicates that FINRA had informed Plaintiff that he could reinstate the case to the FINRA calendar by paying the $200 filing fee. (Amended Compl. ¶ 14, Ex. A.) Plaintiff refused to pay the filing fee unless FINRA guaranteed that the fee would be waived and instead filed this action in federal Court. (*Id.*) Regardless, neither the EEOC proceedings, the initial arbitration, nor FINRA's purported delay in responding to Plaintiff prevented him from filing suit in federal court. At any point within the statute of limitations, Plaintiff could have filed this action which would have almost certainly resulted in an order to compel arbitration for the reasons discussed above.

Even if Plaintiff's NYSHRL claims were not time barred, Plaintiff would be barred from bringing those claims in federal court by the election of remedies provision of the NYSHRL, which provides that an individual with a discrimination claim may file suit in any court with jurisdiction unless he has previously "filed a complaint hereunder or with any local commission on human rights." N.Y. Exec. Law § 297(9). Because these same claims have already been filed with the New York State Division of Human Rights, they may not be brought again as another action in this Court.[3] (Sturgeon Decl. ¶ 5, Ex. B); *see York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002).

---

[2] At the motion to dismiss stage, a court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

[3] Courts may consider documents of which a plaintiff was aware in bringing suit when considering a motion to dismiss. *Kleinman*, 706 F.3d at 152. Plaintiff cited to Mr. Melchior's EEOC charge in his Complaint, and the Court assumes that he was aware of Mr. Melchior's related complaint before the New York state Division of Human Rights.

9

Accordingly, because the statute of limitations has expired on Plaintiff's claims and because there are no grounds to equitable tolling, Defendants' motion to dismiss is granted.[4]

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration and dismiss Plaintiff's Amended Complaint is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 22 and close the case.

Dated: February 15, 2019　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] The Court need not address Defendants' arguments that Plaintiff and Defendants had entered into a valid settlement agreement because the Court grants the motion to dismiss on other grounds.